UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, et al.,<br><br>      Defendants. | Civil Action No. 1:25-cv-00196 |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

      Defendants write to inform the Court of a development at Defendant the Centers for Disease Control and Prevention (CDC) that substantially undermines Plaintiffs' preliminary-injunction motion. As the attached declaration from CDC's Acting Chief Operating Officer ("Patterson Decl.") explains, reduction-in-force (RIF) notices have been rescinded as to approximately four hundred and sixty-seven employees across several CDC divisions. Patterson Decl. ¶ 3. Those employees were expected to return to their positions starting yesterday, *id.*, and will assist in restoring functionality to several CDC functions that are central to Plaintiffs' claims. This development undermines Plaintiffs' claims of irreparable harm and statutory violations with respect to those functions. It also shows why Plaintiffs' lawsuit and motion are premature: they request this Court's intervention to freeze in place an anticipated restructuring that is still in the planning stages and that is not final agency action. For these reasons and the reasons explained in Defendants' opposition brief, the Court should deny Plaintiffs' motion.

The recalled personnel are expected to return to their jobs at the following CDC Offices, Divisions, and Branches: Office of the Director; National Center for Environmental Health (NCEH); National Center for HIV, Viral Hepatitis, STD, & TB Prevention (NCHHSTP); and the Global Health Center. *Id.* ¶ 4. They will assist in restoring (among others) the following functions that Plaintiffs assert were impacted by the RIFs:

- STD testing, contact tracing, data, and support. *Compare* Pl. States' Mot. for Prelim. Inj., ECF No. 43 ("PI Br.") at 8-9, 39-40 (alleging loss of access to testing, assistance, and other resources) *with* Patterson Decl. ¶ 8 (describing expected restoration of functionality of Viral Hepatitis Laboratory, STD Laboratory, Global Hepatitis Outbreak and Surveillance Technology ("GHOST"), and other contact tracing programs) *and id.* ¶ 11 (describing expected restoration of functions in NCHHSTP's Disease Intervention & Response Branch, including "in developing and managing training programs for disease investigation and outbreak response staff across the country").

- HIV Medical Monitoring Project. *Compare* PI Br. at 9 (alleging New York's reliance on this project) *with* Patterson Decl. ¶ 10 (describing expected restoration of functionality of this project).

- Childhood Lead Poisoning Prevention Program (CLPPP). *Compare* PI Br. at 49-50 (alleging loss of CLPPP services) *with* Patterson Decl. ¶ 6 (describing CLPPP programs to be restored).

- NCEH grant support. *Compare* PI Br. at 50 (alleging that Rhode Island Department of Health did not obtain guidance on budget- and grant-related questions) *with* Patterson Decl. ¶ 5 (stating that "program services such as grants management" in NCEH's Division of Environmental Health Science and Practice will be restored).

- Heat and Health Tracker. *Compare* PI Br. at 50 (alleging that Arizona lacks access to NCEH staff and the Tracker) *with* Patterson Decl. ¶ 7 (explaining that recalled employees will assist in updating the Tracker).

These RIF rescissions support several of Defendants' arguments against Plaintiffs' motion. First and foremost, the expected restoration in functions at several CDC components means the broad preliminary relief Plaintiffs request is not appropriate as to those components. A significant portion of Plaintiffs' allegations focuses on CDC components. Now, RIF notices to employees carrying out functions at several of those components have been rescinded. And Plaintiffs have

not shown that those components—or any part of the Department of Health and Human Services (the Department)—are violating any substantive statute or the Administrative Procedure Act. Thus, at minimum, the Court should decline to grant a preliminary injunction as to the CDC's Office of the Director, NCEH, NCHHSTP, and the Global Health Center. Any relief the Court grants should be tailored to exclude those components.

More generally, the RIF rescissions show why Plaintiffs' irreparable-harm theories fail across the board. For example, Plaintiffs argue that some states have turned to alternatives to CDC resources for items like STD testing and tracking. *See* PI Br. at 39-40. Plaintiffs make similar assertions with respect to NCEH. *See id.* at 49-50. But the Department is taking steps to restore a number of those functions. Court intervention would only complicate and disrupt the steps that the Department is already taking. *Cf. Matos ex rel. Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 74 (1st Cir. 2004) (affirming denial of preliminary injunction where "the passage of time and the occurrence of a series of easily predictable events have minimized any need for" such relief). Moreover, the Department's responsiveness to facts on the ground undermines Plaintiffs' argument that they are suffering irreparable harm as to the three other Department components they seek to enjoin. *See* Defs.' Opp. to Mot. for Prelim. Inj., ECF No. 52 ("Opp.") at 38-39. That is because the Department has demonstrated that if it finds rescinding RIFs is appropriate to carry out functions, it will do so. And because Plaintiffs' claims of irreparable harm are even weaker than before, their argument that the equities and public interest favor an injunction are as well. *See id.* at 39-41.

The RIF rescissions also undercut Plaintiffs' already weak merits arguments for two reasons. First, they underline that the Department's decisionmaking is not final. Thus, Plaintiffs' claims are not cognizable under 5 U.S.C. § 706(2)(A). *See* Opp. at 25-28. The rescissions show

that the Department is engaged in an ongoing decisionmaking process. The rescissions also highlight a reality that should have been clear already: "The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985).

Second, the planned restoration of several CDC functions makes even plainer than before why Plaintiffs are wrong to assert that the Department will not "comply with its" statutory obligations. PI Br. at 28. Assuming for argument's sake (but not conceding) that any CDC functions described in the Patterson Declaration are statutorily required, the planned restoration of those functions eliminates Plaintiffs' basis for arguing that the Department is forsaking its obligations regarding them. Additionally, as explained in Defendants' opposition brief, Plaintiffs have not shown that the Department is unable or unwilling to comply with *any* of its statutory obligations. *See* Opp. at 34-35. In sum, Plaintiffs fail to show that the RIFs and planned restructuring are contrary to law or exceed "statutory . . . authority." *See* 5 U.S.C. § 706(2).

## CONCLUSION

Plaintiffs' motion for a preliminary injunction should be denied.

Dated: June 17, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CHRISTOPHER R. HALL
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Elizabeth Hedges*
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-0929
Email: Elizabeth.T.Hedges@usdoj.gov

*Counsel for Defendants*