UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF NEW YORK, et al.,

    Plaintiffs,

        v.

ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.

    Defendants.

Case No. 1:25-Civ-00196

**PLAINTIFF STATES' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM**

Plaintiff States write to respond to Defendants' Supplemental Memorandum, ECF No. 70, which notifies the Court that Defendants have rescinded the Reductions in Force (RIFs) of 467 CDC employees and argues that the rescissions justify denial of Plaintiff States' Motion for a Preliminary Injunction. While Plaintiff States welcome the news that some specific programs within CDC may soon become operational again, the rescission does not provide a basis for denying the motion for a preliminary injunction.

*First*, while Defendants scrupulously avoid using the term "mootness," that is the legal doctrine that governs "intervening events" occurring after the filing of a complaint "that raise the question whether relief that once seemed possible and useful remains so"—exactly the issue Defendants' Supplemental Memorandum addresses. *See* 13.B Wright & Miller's Fed. Prac. & Proc. § 3533 (3d ed. 2025). Plaintiffs' claims are plainly not moot. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the

1

case is not moot." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012) (cleaned up). Here, Defendants have rescinded only *some* RIFs in *some* of the HHS offices challenged by Plaintiffs and at issue in the preliminary injunction motion, so Plaintiffs retain a stake in the controversy. In any event, "[t]he voluntary cessation of challenged conduct," exactly what Defendants say they have done, "does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox*, 567 at 307; *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.").

*Second*, the Supplemental Memorandum and its supporting declaration omit key facts. The declaration of Sara Patterson affirms that employees were notified that "they would be separated from HHS at the close of business on June 2, 2025," and then notes that "on June 10, 2025" those same employees were notified that they would not be impacted by the RIF. ECF No. 70-1 at ¶¶ 2, 3. The Declaration skips over the reason that employees had not been separated from HHS on June 2, 2025, such that the RIF notices could still be withdrawn: an injunction in *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-03698 (N.D. Cal. May 22, 2025) had stayed the RIFs. *See* Suppl. Authority, ECF No. 62-1. The declaration and supplemental brief both suggest that employees have returned to active status, but carefully avoid saying so. *See, e.g.,* ECF No. 70-1 at ¶ 3 (noting, in a declaration signed June 17, 2025, that "employees were expected to return to their previous positions on or about June 16, 2025"); ECF No. 70 at 1 ("Those employees were expected to return to their positions starting yesterday."). Further, Defendants make no effort to address whether any other agencies at issue in the Plaintiffs' Motion for a Preliminary Injunction have seen

2

reinstatements: the National Institute for Occupational Safety and Health, the National Center on Birth Defects and Developmental Disabilities, the CDC's Division of Reproductive Health, the CDC's Office on Smoking and Health, the FDA's Center for Tobacco Products, the Office of Head Start, or the team within the Office of the Assistant Secretary for Planning and Evaluation that managed the federal poverty guidelines. Defendants have not said nearly enough to show, as they claim, that the lawsuit and motion are "premature." ECF No. 70 at 1.

*Third*, Defendants claim that the rescissions "underline that the Department's decisionmaking is not final," ECF No. 70 at 3, but "*final* does not mean *permanent*." *Widakuswara v. Lake*, No. 1:25-CV-1015-RCL, 2025 WL 1166400, at *12 (D.D.C. Apr. 22, 2025) (emphasis in original); *see also Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149–51 (1967) (The Court is to apply the "finality" requirement in a "flexible" and "pragmatic" fashion). The fact that HHS may now seek to undo past mistakes does not lessen the fact that the March 27 Directive was final agency action.

*Fourth*, Defendants argue that the rescissions "show why Plaintiffs' irreparable-harm theories fail across the board," because "Court intervention would only complicate and disrupt the steps that the Department is already taking" and "the Department has demonstrated that if it finds rescinding RIFs is appropriate to carry out functions, it will do so." ECF No. 70 at 3. Defendants have produced no evidence supporting their assertion that a preliminary injunction would interfere with rescission efforts, and in any event, the Department was able to rescind RIF notices, notwithstanding the injunction issued in *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-03698 (N.D. Cal. May 22, 2025); Suppl. Authority, ECF No. 62-1. Moreover, these arguments have no bearing on whether "denial of interim injunctive relief would cause irreparable harm," and Defendants have not disputed any of Plaintiff States' extensive record evidence of irreparable

3

harm. *Ross-Simons of Warwick, Inc. v. Baccarat*, 102 F.3d 12, 18 (1st Cir. 1996). To the contrary, Defendants implicitly concede that rescinding RIFs would ameliorate harm to Plaintiffs—exactly why Plaintiffs bring their claims and seek a preliminary injunction.

*Finally*, Defendants' claim that the rescissions "will assist in restoring functionality to several CDC functions," ECF No. 70 at 1, supports what Plaintiff States have argued: HHS and its agencies cannot perform their functions without the people Defendants noticed for termination. Defendants' rescission of 467 RIF notices does not ameliorate the broad and damaging impacts of the March 27 Directive, which announced layoffs of 10,000 people across HHS (including 2,400 people at CDC). And while Defendants contend that the rescission shows that Plaintiff States moved prematurely, ECF No. 70 at 1 (note that Defendants also argued in their opposition brief that Plaintiff States delayed too long in filing their motion, ECF No. 52 at 2, 39–41), they cite no support for the notion that they are permitted to grind statutorily mandated programs to a halt as a part of this reorganization, nor could they. The March 27 Directive was arbitrary and capricious, contrary to law, ultra vires, and in violation of the separation of powers principles and Appropriations Clause of the U.S. Constitution.

Dated: June 18, 2025

Respectfully submitted,

**NICHOLAS W. BROWN**
Attorney General of Washington

By: */s/ Spencer W. Coates*
Spencer W. Coates
Kelsey E. Endres
*Assistant Attorneys General*
Cynthia Alexander
William McGinty
*Deputy Solicitors General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
spencer.coates@atg.wa.gov

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Molly Thomas-Jensen*

Molly Thomas-Jensen
Jessica Ranucci
*Special Counsel*
Rabia Muqaddam
*Special Counsel for Federal Initiatives*
Andres Ivan Navedo
Molly Brachfeld
*Assistant Attorneys General*
28 Liberty St.

kelsey.endres@atg.wa.gov
cynthia.alexander@atg.wa.gov
william.mcginty@atg.wa.gov

*Counsel for the State of Washington*

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

*/s/ Sarah Rice*
Kathryn M. Sabatini (RI Bar No. 8486)
Chief, Civil Division
Sarah Rice (RI Bar No. 10588)
Deputy Chief, Public Protection Bureau
Chandana Pandurangi (RI Bar No. 10922)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400
Fax: (401) 222-2995
ksabatini@riag.ri.gov
srice@riag.ri.gov
cpandurangi@riag.ri.gov

*Counsel for the State of Rhode Island*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Crystal Adams*
Crystal Adams
*Deputy Attorney General*
Michael L. Newman
Neli Palma
*Senior Assistant Attorneys General*
Kathleen Boergers
Virginia Corrigan
Srividya Panchalam
*Supervising Deputy Attorneys General*
Jesse Basbaum
Jeanelly Orozco Alcala

New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
jessica.ranucci@ag.ny.gov
ivan.navedo@ag.ny.gov
molly.brachfeld@ag.ny.gov

*Counsel for the State of New York*

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

By: */s/ Alexa Salas*
Alexa Salas
*Assistant Attorney General*
2005 North Central Avenue
Phoenix, Arizona 85004
(602) 542-3333
Alexa.Salas@azag.gov
ACL@azag.gov

*Counsel for the State of Arizona*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Tanya E. Wheeler*
Tanya E. Wheeler
*Associate Chief Deputy Attorney General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
tanja.wheeler@coag.gov

*Counsel for the State of Colorado*

5

*Deputy Attorneys General*
1515 Clay Street
Oakland, CA 94612-1499
(510) 879-3428
Crystal.Adams@doj.ca.gov
Michael.Newman@doj.ca.gov
Neli.Palma@doj.ca.gov
Kathleen.Boergers@doj.ca.gov
Virginia.Corrigan@doj.ca.gov
Srividya.Panchalam@doj.ca.gov
Jesse.Basbaum@doj.ca.gov
Jeanelly.OrozcoAlcala@doj.ca.gov

*Counsel for the State of California*

**WILLIAM TONG**
Attorney General of the State of Connecticut

By: */s/ Michael K. Skold*
Michael K. Skold
Solicitor General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Michael.skold@ct.gov

*Counsel for the State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: /s/ *Vanessa L. Kassab*
Ian R. Liston
*Director of Impact Litigation*
Vanessa L. Kassab
*Deputy Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

| | |
|---|---|
| **BRIAN L. SCHWALB**<br>Attorney General for the District of Columbia<br><br>By: */s/ Andrew C. Mendrala*<br>Andrew C. Mendrala<br>Assistant Attorney General<br>Public Advocacy Division<br>Office of the Attorney General for the District of Columbia<br>400 Sixth Street, NW<br>Washington, D.C. 20001<br>(202) 724-9726<br>Andrew.mendrala@dc.gov<br><br>*Counsel for the District of Columbia* | **ANNE E. LOPEZ**<br>Attorney General for the State of Hawaiʻi<br><br>By: */s/ Kalikoʻonālani D. Fernandes*<br>David D. Day<br>Special Assistant to the Attorney General<br>Kalikoʻonālani D. Fernandes<br>Solicitor General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>david.d.day@hawaii.gov<br>kaliko.d.fernandes@hawaii.gov<br><br>*Counsel for the State of Hawaiʻi* |
| **KWAME RAOUL**<br>Attorney General of the State of Illinois<br><br>By: */s/ Caitlyn G. McEllis*<br>Caitlyn G. McEllis<br>Senior Policy Counsel<br>Katharine P. Roberts<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>115 S. Lasalle Street<br>Chicago, IL 60603<br>312-814-3000<br>Caitlyn.McEllis@ilag.gov<br><br>*Counsel for the State of Illinois* | **AARON M. FREY**<br>Attorney General for the State of Maine<br><br>By: */s/ Margaret Machaiek*<br>Margaret Machaiek<br>*Assistant Attorney General*<br>Office of the Attorney General<br>6 State House Station<br>August, ME 04333-0006<br>Tel.: 207-626-8800<br>Fax: 207-287-3145<br>margaret.machaiek@maine.gov<br><br>*Counsel for the State of Maine* |
| **ANTHONY G. BROWN**<br>Attorney General for the State of Maryland<br><br>By: */s/ Michael Drezner*<br>Michael Drezner<br>*Senior Assistant Attorney General*<br>Federal Accountability Unit<br>Office of the Attorney General<br>200 Saint Paul Place<br>Baltimore, Maryland 21202<br>(410) 576-6959<br>mdrezner@oag.state.md.us | **DANA NESSEL**<br>Attorney General of Michigan<br><br>By: */s/ Neil Giovanatti*<br>Neil Giovanatti<br>Danny Haidar<br>*Assistant Attorneys General*<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>GiovanattiN@michigan.gov<br>HaidarD1@michigan.gov |

7

*Counsel for the State of Maryland*

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Lindsey E. Middlecamp*
Lindsey E. Middlecamp
Special Counsel, Rule of Law
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0711
Lindsey.middlecamp@ag.state.mn.us

*Counsel for the State of Minnesota*

**RAÚL TORREZ**
Attorney General of New Mexico

By: */s/ Astrid Carrete*
Astrid Carrete
Impact Litigation Counsel
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
acarrete@nmdoj.gov

*Counsel for the State of New Mexico*

**CHARITY R. CLARK**
Attorney General for the State of Vermont

By: */s/ Ryan P. Kane*
Ryan P. Kane
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov

*Counsel for the People of the State of Michigan*

**MATTHEW J. PLATKIN**
Attorney General of New Jersey

By: */s/ Justine M. Longa*

Justine M. Longa
Jessica L. Palmer
  *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(609) 696-4527
Justine.Longa@law.njoag.gov
Jessica.Palmer@law.njoag.gov

*Counsel for the State of New Jersey*

**DAN RAYFIELD**
Attorney General of the State of Oregon

 By: */s/ Elleanor H. Chin*
Elleanor H. Chin
*Senior Assistant Attorney General*
100 Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
elleanor.chin@doj.oregon.gov

*Counsel for the State of Oregon*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Charlotte Gibson*
Charlotte Gibson
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 957-5218  (phone)
(608) 294-2907 (Fax)

*Counsel for the State of Vermont*

Charlie.Gibson@wisdoj.gov

*Counsel for the State of Wisconsin*