UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-00196 |

**DEFENDANTS' NOTICE REGARDING EFFECT OF *TRUMP V. CASA, INC.* AND MOTION TO CLARIFY AND MODIFY ORDER**

**1.** Defendants provide this notice in response to the Court's order that "[t]he parties shall file a notice with the Court on or before July 11, 2025, addressing the way in which (if at all) *Trump v. CASA, Inc.*, Nos. 24A884, 24A885, 24A886, --- S. Ct. ---, 2025 WL 1773631 (June 27, 2025), impacts the scope of" the Court's preliminary injunction. ECF No. 73 (Preliminary Injunction Order) at 56. *CASA* requires narrowing the injunction.

In *CASA*, the Supreme Court held that injunctions must be no "broader than necessary to provide complete relief to each plaintiff with standing to sue." 2025 WL 1773631, at *15. "Under this principle, the question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* at *11. "'[C]omplete relief' is not synonymous with 'universal relief.'" *Id.* And "universal relief," which "falls outside the bounds of a federal court's equitable authority under the Judiciary Act," may not be entered. *Id.* at *8.

On July 1, 2025, this Court granted universal injunctive relief that extends beyond the Plaintiffs. Although only nineteen states and the District of Columbia are plaintiffs, the Court's order appears to contain no limitation based on whether programs subject to the injunction impact a plaintiff state. The injunction thus grants more than the relief necessary to provide complete relief to the parties. It is overbroad under *CASA*. The Court should revise its preliminary injunction order to state that it applies only to specified components (discussed further below) insofar as they employ individuals, run programs, or provide services *to, or within the boundaries of, the plaintiff states*.[1]

**2.** Regardless of whether the Court narrows its injunction to be consistent with *CASA*, Defendants move the Court to clarify the scope of the preliminary injunction. Plaintiffs' motion focused on the Center for Tobacco Products (CTP), the Office of Head Start (OHS) and OHS's regional office staff, and—relevant here—on six components of CDC and one component of the Office of the Assistant Secretary for Planning and Evaluation (ASPE). *See* ECF No. 43 (Motion) at 38-52 (describing alleged harms based on loss of services at CDC's National Center for HIV, Viral Hepatitis, STD, and Tuberculosis Prevention (NCHHSTP); Division of Reproductive Health (DRH); National Institute for Occupational Safety and Health (NIOSH); Office on Smoking and Health (OSH); National Center for Environmental Health (NCEH); and National Center for Birth Defects and Developmental Disabilities (NCBDDD)); *id.* at 21, 48 (describing alleged harms

---

[1] In *CASA*, the Court stated that it was not "resolv[ing] the distinct question whether the Administrative Procedure Act [APA] authorizes federal courts to vacate federal agency action." 2025 WL 1773631, at *8 n.10. As argued in Defendants' Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction, this case is not reviewable under the APA. ECF No. 52 at 21-29. Regardless (and recognizing that the Court has disagreed in this preliminary posture with Defendants' position on the APA's applicability), this stage of the case does not implicate the question of whether a court may "vacate" agency action because the Court has not purported to vacate any action; on the merits, it decided that Plaintiffs "are *likely* to succeed on their 'contrary to law' claims." ECF No. 73 at 50 (emphasis added).

based on loss of services at ASPE's Division of Data and Technical Analysis, which "updates the Federal Poverty Guidelines"). Beyond those specific components, Plaintiffs' motion made little more than fleeting references to other components or programs within CDC or ASPE. Consistent with the focus of Plaintiffs' motion, in places, the Court's order appears to grant relief as to only the particular components upon which the motion focused. *See, e.g.*, ECF No. 73 at 56 (stating that "HHS and all other named defendants are ENJOINED from taking any actions to implement or enforce the planned RIFs or sub-agency restructuring announced in the March 27 Communiqué or set in motion after the Communiqué's release with respect to the *specific sub-agencies and programs* that are the subject of the instant motion for preliminary injunction, until further order of this Court" (emphasis added)).

Yet in other places, the Court's order could be read to apply more broadly and sweep in all of CDC and ASPE. *Compare* ECF No. 73 at 3 (stating that "this Court will grant the relief the States have requested") *with id.* at 11 ("The States filed a Motion for Preliminary Injunction on May 9, asking this Court to enjoin the terminations and agency restructuring as announced in the March 27 Communiqué at, specifically, the CDC, the FDA's Center for Tobacco Products ("CTP"), the Office of Head Start and Head Start employees in Regional Offices, and the Office of the Assistant Secretary for Planning and Evaluation ("ASPE")"). To ensure continued compliance with the broader interpretation, Defendants provided compliance guidance that interpreted the order to apply to all of CDC and ASPE (as well as CTP and OHS and OHS staff in regional offices). But requiring the drastic measure of continuing to freeze RIFs and restructuring efforts as to the entirety of those two agencies, when Plaintiffs did not provide reasoning and argument regarding those agencies that would even arguably support such a broad order, imposes a severe and unwarranted burden on Defendants. Moreover, if that were the correct interpretation

of the Court's order, it would transgress *CASA*'s holding that an injunction may be no "broader than necessary to provide complete relief to each plaintiff with standing to sue."[2] 2025 WL 1773631, at *15.

**3.** Therefore, Defendants request that the Court modify paragraph 2 on page 56 of its order (ECF No. 73) to read as follows (proposed revised language is in bold text):

> 2. HHS and all other named defendants are ENJOINED from taking any actions to implement or enforce the planned RIFs or sub-agency restructuring announced in the March 27 Communiqué or set in motion after the Communiqué's release with respect to **(1) CTP; (2) OHS and OHS regional office staff; (3) CDC's components National Center for HIV, Viral Hepatitis, STD, and Tuberculosis Prevention (NCHHSTP), Division of Reproductive Health (DRH), National Institute for Occupational Safety and Health (NIOSH), Office on Smoking and Health (OSH), National Center for Environmental Health (NCEH), and National Center on Birth Defects and Developmental Disabilities (NCBDDD); and (4) ASPE's Division of Data and Technical Analysis (which updates the Federal Poverty Guidelines),** <u>**insofar as they employ individuals, run programs, or provide services to, or within the boundaries of, the plaintiff states,**</u> until further order of this Court. The actions enjoined by this order include but are not limited to: . . . .

In the event the Court disagrees with Defendants regarding the effect of *CASA* on the propriety of granting relief not limited to the plaintiff states, Defendants request that the Court modify paragraph 2 on page 56 of its order as set forth above but without the underlined text regarding the plaintiff states.

---

[2] Defendants maintain that Plaintiffs lack standing altogether. However, they recognize that the Court has disagreed in this preliminary posture.

- 5 -

Dated: July 11, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Elizabeth Hedges*
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 616-0929
Email: Elizabeth.T.Hedges@usdoj.gov

*Counsel for Defendants*