UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br>    Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, et al.,<br>    Defendants. | C.A. No. 25-cv-196-MRD-PAS |

ORDER

Melissa R. DuBose, United States District Judge.

Before the Court is Defendants' (1) Motion to Vacate Preliminary Injunction or, in the Alternative, For a Stay Pending Appeal and (2) Motion to Set Expedited Briefing Schedule. ECF Nos. 78, 79. Defendants misguidedly argue that the Supreme Court's recent grants of stays pending appeals in *McMahon v. New York*, 2025 WL 1922626 (July 14, 2025) (Mem.), and *Trump v. Am. Fed'n of Gov't Emps.*, 2025 WL 1873449 (July 8, 2025) (Mem.), mean that this Court should immediately reverse its July 1 decision granting the Plaintiff States' motion for a preliminary injunction. In *McMahon*, which the Defendants erroneously equate as "almost on all fours with this case," ECF No. 78 at 6, the Supreme Court summarily granted the stay pending disposition of the merits appeal currently pending in the First Circuit Court of Appeals. 2025 WL 1922626, at *1. In *Am. Fed'n of Gov't Emps.*, the Supreme

Court wrote that the federal government "is likely to succeed on its argument that the Executive Order and Memorandum [at issue in that case] are lawful," but "express[ed] no view on the legality of any Agency RIF and Reorganization Plan produced or approved pursuant to the Executive Order and Memorandum." 2025 WL 1873449, at *1.  The Court further noted that the district court's injunction in that case was not based "on any assessment of the plans themselves."  *Id.*  This Court reminds Defendants that the preliminary injunction sought and issued in this case did not involve consideration of the lawfulness *vel non* of any executive orders or OMB memoranda.  The Plaintiff States based their challenges solely on the HHS March 27 Communiqué.  This Court will not interpret the Supreme Court's shadow docket summary orders (issued without any reasoning or explanation) as definitive indications as to how either the Supreme Court or the First Circuit Court of Appeals might rule on a motion to stay or on the merits of this case.

As with most, if not all, of the other cases around the country challenging the Trump administrations' executive actions, this case will likely wind its way up and down the appellate courts.  Along this route, the appellate courts may ultimately publish an opinion that addresses the merits of the issues raised in this case that could impact the current preliminary injunction.  However, without any actual changes to governing case law or binding First Circuit or Supreme Court precedent, this Court declines the Defendants' invitation to short circuit that process.

Defendants' motion to vacate the preliminary injunction is DENIED.

Defendants' alternative request for a stay pending appeal is DENIED.

Defendants' Motion to set an expedited briefing schedule (ECF No. 79) is DENIED.

Finally, Defendants renew their request to clarify the scope of the preliminary injunction this Court entered on July 1. ECF No. 78 at 10. Because Plaintiff States indicated they would respond to this motion by Friday, July 25, *see* ECF Nos. 77, 80, the Court defers ruling on Defendants' Motion to Clarify and Modify Order (ECF No. 75) until it is in receipt of Plaintiff States' response.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

7/18/2025