UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, et al.,<br><br>  Defendants. | Civil Action No. 1:25-cv-00196 |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO CLARIFY AND MODIFY ORDER**

Plaintiffs have filed an opposition, *see* ECF No. 83 ("Opp."), to Defendants' motion to clarify and modify this Court's preliminary injunction, *see* ECF No. 82 ("Mot."). Defendants provide this reply in support of their motion.

**1.** To the extent the Court requires a "strong showing" for relief regarding Defendants' motion, *see* Opp. at 4, that standard is met. The Court expressly requested Defendants' arguments as to the effect of *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), on the "scope" of the injunction. ECF No. 73 at 56. The issuance of a new decision by the Supreme Court bearing directly on scope-of-relief issues and requiring that relief be tailored to the parties in a particular case is a strong basis for issuing a modified and clarified injunction that so tailors the plaintiffs' relief.

But the portion of Defendants' motion that merely seeks clarification regarding which HHS components are subject to the preliminary injunction is not subject to the "strong showing" standard. Defendants are "uncertain as to what is permissible under the injunction," and they are "free to seek clarification from the district court" in such a scenario. *Glob. NAPs, Inc. v. Verizon*

*New England, Inc.*, 706 F.3d 8, 15 (1st Cir. 2013). Unlike Plaintiffs' cited case, Defendants sought clarification shortly after the injunction's issuance, not modification several months later and after relevant events related to the injunction's enforcement. *See Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 35–36 (1st Cir. 2006) (cited by Opp. at 3).

**2.** Plaintiffs' responses regarding the effect of *CASA* contradict the Supreme Court's reasoning in that decision. *CASA* allows courts to grant complete relief only "*to the parties before the court.*" *Id.* at 2557. The "nationwide nature of HHS's operations," Opp. at 4, does not change *CASA*'s admonition that a court may grant relief only for "each plaintiff with standing to sue," 145 S. Ct. at 2563. Assuming (without conceding) that all Plaintiffs have standing, the Court's injunction therefore must be limited to granting relief to those Plaintiffs.

That some affected HHS functions might be national in scope or lack specific geographic boundaries does not support leaving the injunction in its current form. *See* Opp. at 3–5. Any injunction must be "tailored to redress" the "specific injuries" unique to each Plaintiff. *Gill v. Whitford*, 585 U.S. 48, 73 (2018). The current injunction's text is not so limited, even though it could have been tailored more closely to the Plaintiffs' specific alleged injuries. The injunction enjoins activities for "everyone potentially affected" by them and is therefore overbroad. *CASA*, 145 S. Ct. at 2557. Limiting the terms of the injunction to agency actions impacting Plaintiff states is required by *CASA*.

**3.** Plaintiffs offer no reason to interpret the Court's injunction to extend beyond the nine components that were "the specific sub-agencies and programs that [were] the subject of" Plaintiffs' motion. ECF No. 73 at 56. Plaintiffs in fact acknowledge that they briefed only certain components within HHS to the exclusion of others. *See* Opp. at 7.

Plaintiffs' belated attempts to re-write their motion to include more components are unavailing. As the movants, Plaintiffs were required to make "a clear showing" of entitlement to a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). That burden in turn required Plaintiffs to "establish[] the contours" of the relevant actions that allegedly injured them, *Ryan v. Immig. & Customs Enf't*, 974 F.3d 9, 31 (1st Cir. 2020), because, like any other remedy, a preliminary injunction's scope "must be no broader and no narrower than necessary to redress the injury shown," *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). And like any other litigant seeking relief, Plaintiffs "are responsible for advancing the *facts* and *argument* entitling them to relief." *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (emphasis added). "A brief must make all arguments accessible to the [court], rather than ask [it] to play archaeologist with the record." *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999).

These principles require the Court's injunction to track the arguments raised in Plaintiffs' motion, and Plaintiffs substantively discussed only the actions of nine components of HHS. *See* ECF No. 43 at 6–21; *see also* Fed. R. Civ. P. 7(b)(1)(B) (all motions must "state with particularity" the grounds for requested relief). Thus, any injunction must be limited to those nine components. *Cf. John Doe Co. v. CFPB*, 849 F.3d 1129, 1133 n.1 (D.C. Cir. 2017) (limiting standing inquiry at preliminary-injunction stage to injuries actually "identif[ied] in [movant's] injunction papers). Plaintiffs now say that they submitted a "mountain of evidence pertaining to the effects of the reductions-in-force in other divisions." Opp. at 7. That Plaintiffs may have nestled additional facts within hundreds of pages of declarations does not now entitle them to relief for which they established no basis in the motion itself. The Court is not an archaeologist that must "dig through the record in the hopes of finding something [Plaintiffs] should have found." *Belsito Commc'ns, Inc. v. Decker*, 845 F.3d 13, 22 (1st Cir. 2016). Moreover, Plaintiffs cannot rely on stray sentences

about other HHS components to establish that the motion actually included those components from the beginning, particularly when the rest of the motion "presents a passel of other arguments" limited to nine specific components. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Kane v. De Blasio*, 19 F.4th 152, 167 n.15 (2d Cir. 2021) (refusing to address one-sentence arguments in preliminary-injunction brief).

**4.** Lastly, there is no need for discovery or a hearing on "the workability of Defendants' proposed modifications." Opp. at 14. Because the Court is treating this case as being subject to the APA, the only factual record should be the administrative record, not a new record compiled through the discovery process.[1] *See Camp v. Pitts*, 411 U.S. 138, 142 (1973). Furthermore, no discovery is needed for this Court to make clear that the preliminary injunction extends only to these Plaintiffs and to the components about which they provided substantive arguments. If the Court disagrees, it can deny Defendants' clarification motion, but it should not permit discovery that would serve little purpose other than to intrude on the operations of a government agency. *See Nat'l Treasury Emps. v. Vought*, 774 F. Supp. 3d 1, 46 n.11 (D.D.C. 2025) (warning that any interim relief should not place the Court in "the problematic role of managing the agency's day-to-day operations"). Plaintiffs had the opportunity to specify which alleged harms affected which Plaintiffs in their initial motion. That they did not do so forecloses their ability to make those arguments now through discovery.

---

[1] For the same reasons argued in opposition to the preliminary-injunction motion, Defendants maintain that review is unavailable under the APA in this case. They recognize, however, that the Court has disagreed in this preliminary posture. That disagreement has implications for the nature and scope of available discovery.

- 5 -

For these reasons, Defendants ask the Court to grant their motion to clarify the preliminary injunction as Defendants have requested and modify it to comply with *CASA*, *see* Mot. at 4, and to deny Plaintiffs' request for discovery.

Dated: August 1, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ *Elizabeth Hedges*
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division
950 Pennsylvania Ave NW
Washington, DC 20530
Telephone: (202) 616-0929
Email: Elizabeth.T.Hedges@usdoj.gov

*Counsel for Defendants*