IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>　　　　　　　　　　*Plaintiffs*,<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>　　　　　　　　　　*Defendants*. | Case No. 1:25-cv-00196-MRD-PAS |

**UNOPPOSED MOTION OF CLAYTON ANDERSON, WANDA IRVING, CHARLES JOHNSON, INDIGENOUS WOMEN RISING, NATIONAL BIRTH EQUITY COALITION, BIRTHMARK DOULA COLLECTIVE, AND 4KIRA4MOMS FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to DRI LR Cv 7, Clayton Anderson, Wanda Irving, Charles Johnson, Indigenous Women Rising, National Birth Equity Coalition, Birthmark Doula Collective, and 4Kira4Moms (collectively, "*amici*") seek leave to file the attached *amicus curiae* brief in support of Plaintiffs and in opposition to Defendants' Motion to Dismiss.

A "district court retains the inherent authority to appoint *amicus curiae* to assist it in any proceeding." *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) (internal quotation marks and citation omitted). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California by and through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Courts consider several factors when determining whether to grant a party's motion to appear as *amicus curiae*, including (1) whether the party seeking *amicus* participation "has demonstrated a special

interest in the outcome of the suit," and (2) whether the *amicus* has "provided helpful information to the court." *City of Columbus v. Cochran*, 523 F. Supp. 3d 731, 742 (D. Md. 2021); *see also Gwadowsky*, 297 F. Supp. 2d at 306 ("Commonly, *amicus* status is granted only when there is an issue of general public interest, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a 'complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" (quoting *Alexander v. Hall*, 64 F.R.D. 152, 155 (D.S.C. 1974)).

Both factors are met here. First, as individuals who lost family members to childbirth complications and organizations committed to reducing maternal mortality, *amici* have a special interest in the outcome of this suit. *Amici* work to combat the maternal mortality crisis in the United States by studying preventable cases of pregnancy-related death, identifying trends, and instituting interventions to prevent future mortality and morbidity. As individuals, community organizations, and the leaders of non-profits dedicated to preventing maternal deaths, *amici* rely on programs that are directly threatened by the March 27 Communiqué, including the technical assistance and data infrastructure developed by the CDC's Division of Reproductive Health. If Defendants' Motion to Dismiss is granted and the March 27 Communiqué is allowed to take effect, *amici* will lose access to the systems that allow them to demand accountability for preventable cases of maternal mortality and morbidity, expose systemic inequities, and save lives.

Second, *amici*'s brief provides helpful information to the Court. *Amici*'s personal experiences with maternal mortality offer a unique and nuanced portrayal of the human stakes of the March 27 Communiqué, highlighting why the remedy sought in this case—a permanent injunction—will serve the public interest. Additionally, the *amicus brief* provides context and detail about some of the programs at issue in this case, which involves multiple federal programs.

All parties consent to the filing of this brief. Granting this motion will not delay the adjudication of Defendants' Motion to Dismiss or otherwise prejudice the parties. *See, e.g.*, *Qual. Compliance Servs., Inc. v. Dougherty Cnty., Ga.*, No. 1:05-CV-19 (WLS), 2007 WL 9751565, at *2 (M.D. Ga. Jan. 24, 2007). Accordingly, *amici* hereby request leave to file the attached brief.[1]

---

[1] Pursuant to DRI LR Cv 7(c), counsel states that neither an oral argument nor evidentiary hearing is requested regarding this motion.

Dated: December 2, 2025

/s/ Lynette Labinger
Lynette Labinger, (RI Bar #1645)
*Cooperating Counsel*
ACLU FOUNDATION OF RHODE ISLAND
128 Dorrance St., Box 710
Providence, RI 02903
Phone: (401) 465-9565
ll@labingerlaw.com

Jamila Johnson
*Co-director, Litigation*
Allison Zimmer
*Senior Counsel*
LAWYERING PROJECT INC.
900 Camp St., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981 (JJ)
Phone: (347) 515-6074 (AZ)
Fax: (646) 480-8622
jjohnson@lawyeringproject.org
azimmer@lawyeringproject.org

Juanluis Rodriguez
*Litigation Counsel*
LAWYERING PROJECT INC.
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1080
Fax: (646) 480-8622
prodriguez@lawyeringproject.org

Ronelle Tshiela
*Litigation Fellow*
LAWYERING PROJECT INC.
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
Fax: (646) 480-8622
Am

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, I electronically filed the foregoing, along with the proposed *amicus* brief, with the Clerk of the Court for the United States District Court for the District of Rhode Island by using the CM/ECF system. I certify that all participants in the case are registered as ECF Filers and that they will be served by the CM/ECF system.

/s/ Lynette Labinger
Lynette Labinger