# EXHIBIT D

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L St NW
Washington, DC 20530

---

Christian Dibblee
Trial Attorney

Tel: (202) 353-5980
Email: Christian.r.dibblee@usdoj.gov

July 2, 2026

By Electronic Mail

Molly Brachfeld
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005

Re: June 22, 2026 Letter regarding *New York, et al. v. Robert F. Kennedy, Jr., et al.*, No. 1:25-cv-196 (D.R.I.)

Dear Ms. Brachfeld:

On behalf of Defendants U.S. Department of Health and Human Services (HHS) and Robert F. Kennedy, Jr., in his official capacity, I write in response to your letter, dated June 22, 2026 (Letter), regarding the administrative record in *New York, et al. v. Robert F. Kennedy, Jr., et al.*, No. 1:25-cv-196 (D.R.I.). Defendants produced that record to Plaintiffs on June 8, 2026.

Defendants disagree that this administrative record must include all of the materials you have identified in your Letter. As you know, judicial review under the Administrative Procedure Act (APA) is "based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Critically, courts in the First Circuit have held that an agency's "designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of regularity." *Roe v. Mayorkas*, No. 22-cv-10808, 2024 WL 5198705, at *7 (D. Mass. Oct. 2, 2024) (quoting *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019)). To rebut that presumption, plaintiffs must provide "clear evidence" that the administrative record is incomplete. *Id.* (citation omitted).

Courts in this circuit have also acknowledged that records protected by the deliberative process privilege are not properly part of the administrative record. *See Roe*, 2024 WL 5198705, at *9; *Sierra Club v. U.S. Army Corps of Eng'rs*, No. 2:20-cv-00396, 2022 WL 2953075, at *2 (D. Me. Jul. 26, 2022) ("Documents within the deliberative process privilege are ultimately not included within the version of the administrative record that a court examines during judicial review of agency action."); *see also, e.g.*, *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1458 (1st Cir. 1992) (affirming exclusion from administrative record of letter that was covered by deliberative process privilege). A document is covered by the deliberative process privilege if it is (1) predecisional and (2) deliberative in that the document "reflect[s] advisory

opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021).

Defendants followed those principles when compiling the administrative record in this case. Accordingly, the administrative record contains those materials "directly or indirectly considered by the agency decision-makers," *Roe*, 2024 WL 5198705, at *7, except those materials protected by the deliberative process privilege.[1] Plaintiffs' Letter questions that compilation and "whatever scope and method [Defendants] used" based on the absence of particular documents, but those documents demonstrate the deliberative nature of the additional information plaintiffs seek. For example, Exhibit 2 to Plaintiffs' Letter includes an email thread about "draft" future organizational charts for HHS that are predecisional and reflect mere recommendations. *See* Letter, Ex. 2. Similarly, Exhibit 4 reflects recommendations about a "proposed approach," a prototypical recommendation that would be protected by the deliberative process privilege. *See Ctr. for Pub. Integrity v. U.S. Dep't of Def.*, 486 F. Supp. 3d 317, 336–37, 346 (D.D.C. 2020) (finding reports "contain[ing] advice on actions that should be taken," and providing subordinate's "determination of which issues are most relevant and important for the department" covered by deliberative process privilege). That these documents and others like them were not included reflects that the Department appropriately included only non-deliberative materials in the administrative record. While Plaintiffs identify other categories of documents they wish to see in the record, such as "briefings" attended by agency decisionmakers, Letter at 4, "communications to or from" various DOGE personnel, *id.* at 5–6, or "financial or cost-saving analyses," *id.* at 6, Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action, *see Oceana*, 920 F.3d at 865 ("[P]redecisional and deliberative documents are not part of the administrative record.").

Plaintiffs are correct that some documents related to the actions challenged in this lawsuit were produced in proceedings before the Merit Systems Protection Board (MSPB) regarding the Reduction-in-Force (RIF) of employees in the Food and Drug Administration. In that proceeding, however, the agency was *ordered* to provide relevant documents through a court-administered process, and the agency explicitly noted that its provision of these documents to the Court did not constitute a waiver of the deliberative process privilege. Such circumstances do not constitute a waiver of the deliberative process privilege, and privileged documents produced after an order in the MSPB proceedings are still not part of this administrative record. *See Heffernan v. Azar*, 317 F. Supp. 3d 94, 120 (D.D.C. 2018) (waiver of deliberative process privilege occurs when disclosure is made to "unnecessary third parties").

Plaintiffs also request the Agency RIF and Reorganization Plans (ARRPs) for HHS, *see* Letter at 7, but those documents are also protected by the deliberative process privilege. The ARRPs are not final; they reflect the deliberations and thinking at the time regarding HHS's ongoing reorganization efforts. Although one single district court in the First Circuit has held that an ARRP for a different agency is not covered by the deliberative process privilege, *see New York v. McMahon*, Civ. A. Nos. 25-10601, 25-10677, 2026 WL 622484, at *4 (D. Mass. Feb. 11, 2026),

[1] Notwithstanding Defendants' production of the administrative record, they maintain that the March 27 press release that is challenged in this case is not a final agency action under the APA.

that decision involved a different timeline and action than the challenged action here, *see id.* (describing how that ARRP was issued after the Department of Education had announced its RIF).

In short, Plaintiffs have identified documents that are covered by the deliberative process privilege and that are not properly part of the administrative record.

Defendants also respond below to some specific alleged deficiencies raised in Plaintiffs' Letter:

- Defendants will prepare for production on July 2, 2026, the original message and accompanying attachments approved by the Office of Personnel Management in Document 13. Defendants will also file a new index reflecting this addition to the administrative record.

- Plaintiffs ask for reproduction of Document 6 based on an allegedly missing page. *See* Letter at 8. Defendants have reviewed that document, and the version in the administrative record is the same version that was considered by the relevant decisionmakers.

- Plaintiffs seek production of a spreadsheet referred to in NYvK-AR-000150. *See id.* That spreadsheet is covered by the deliberative process privilege and not appropriately part of the administrative record.

- Plaintiffs request that Defendants produce unredacted versions of Documents 17 and 18. *See id.* Those records contain confidential personnel records, including the names, email addresses, and ID numbers of agency employees. Such confidential personal information of agency employees is private, sensitive, and irrelevant to the substance of Plaintiffs' challenge. Plaintiffs challenge the decision to RIF employees in particular offices of HHS and, for that reason, Defendants have not redacted the organizational code associated with each entry in Documents 17 and 18. Those codes denote where each person was employed at the time of the RIF. The identity of these persons is wholly irrelevant to Plaintiffs' challenge. If Plaintiffs disagree, please provide further information or explication for Defendants' consideration, and we can consider it.

Plaintiffs also request that Defendants provide a privilege log for any documents withheld from the administrative record on the basis of privilege. *See* Letter at 8. A privilege log is not required here. As the D.C. Circuit has held, materials covered by the deliberative process privilege "are not required to be placed on a privilege log," "absent a showing of bad faith or improper behavior." *Oceana*, 920 F.3d at 865; *see also id.* ("[P]redecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record." (internal quotations omitted)). "Rather than submitting a privilege log, on APA review, the agency must submit a proper certification that the record is complete, which serves as formal representation by the agency that it duly evaluated all predecisional documents before excluding them from the record." *Id.* (alteration and citation omitted). The Ninth Circuit has similarly held that deliberative-process materials do not need to be included in a privilege log. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024). At least one court in this circuit has similarly declined to require a privilege

log in an APA case because there was no "showing of bad faith or improper behavior" by the agency. *Roe*, 2024 WL 5198705, at *11. In addition, the obligation to provide a privilege log arises under the rules of discovery (Federal Rule of Civil Procedure 26(b)(5)(A)). Submitting an administrative record is not equivalent to engaging in discovery, and Defendants are not required to produce a log.

Lastly, Plaintiffs also assert that the certification provided by Defendants is insufficient. *See id.* at 9. Regarding the certification, Ms. Ballance is the Executive Director of the HHS Office of Human Capital Accountability and thus is an appropriate individual to certify an administrative record in litigation challenging agency personnel action—in reliance, of course, on the agency team responsible for the record-by-record review of potentially relevant materials. Defendants do not concede that the language of the original certification is deficient in any way—indeed, "no standard or pattern certification language has been established with respect to administrative records; all that is presently required is a proper certification that the record is complete." *Kiakombua v. McAleenan*, Civ. A. No. 19-cv-1872, 2019 WL 4051021, at *2 (D.D.C. Aug. 27, 2019) (Jackson, J.). The language of Ms. Ballance's certification is similar to language used to certify administrative records in other cases. *See id.* ("Likewise, the statement that, 'to the best of my knowledge, the attached documents constitute a true and correct copy of materials relating to the captioned case,' has been found to suffice."). Nevertheless, Defendants will file a revised certification from Ms. Ballance along with the new index in an effort to resolve this issue.

Sincerely,

*/s/ Christian Dibblee*

Christian Dibblee
Trial Attorney
United States Department of Justice