# EXHIBIT E

**Office of the New York State Attorney General**

**Letitia James Attorney General**

**Via Email**

July 20, 2026

Christian Dibblee
Elizabeth Hedges
Christopher Hall
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Christian.R.Dibblee@usdoj.gov
Elizabeth.T.Hedges@usdoj.gov
Christopher.Hall@usdoj.gov

Re: *New York v. Robert F. Kennedy, Jr.*, Case No. 1:25-cv-00196 (D.R.I.)

Dear Mr. Dibblee,

I write on behalf of the plaintiffs in the above-captioned matter ("Plaintiffs" or the "Plaintiff States") in response to Defendants' letter dated July 2, 2026 ("Defendants' Letter"), which responded to Plaintiff States' letter, dated June 22, 2026, concerning deficiencies in the Administrative Record ("Plaintiffs' Deficiency Letter"). Given the extent of disagreement between the parties, Plaintiff States anticipate moving for discovery. However, in an attempt to avoid unnecessary motion practice, Plaintiff States are sending this letter to confirm their understanding of certain of Defendants' positions as described in Defendants' Letter.[1]

- Lack of Documents Relied Upon For RIFs: Plaintiffs' Deficiency Letter stated that "[t]he Administrative Record fails to provide documents relied upon in HHS's decision to announce and implement the March 27 Communiqué" because it contains "no information that the agency relied upon in reaching the decision to issue the specific RIFs at issue, when to issue them, which employees would be RIFed, or which divisions of the Department would be impacted by RIFs." Plaintiffs' Deficiency Letter at 2. Defendants' Letter stated

[1] Plaintiffs have not included in this letter requests to which Defendants gave a clear and specific response in Defendants' Letter. Plaintiff States reserve all rights to challenge those alleged deficiencies not addressed here and their omission does not imply that Plaintiffs accept or are in agreement with Defendants' responses to Plaintiffs' statements regarding those issues contained in Plaintiffs' Deficiency Letter.

that "the administrative record contains those materials 'directly or indirectly considered by the agency decision-makers,' except those materials protected by the deliberative process privilege." Defendants' Letter at 2. Plaintiffs understand this to mean that Defendants take the position that all documents relied upon, directly or indirectly, by agency decisionmakers regarding the RIFs at issue have been included in the Administrative Record, except those documents which Defendants contend are subject to the deliberative process privilege. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Lack of Documents Relied Upon for Reorganization: Plaintiffs' Deficiency Letter stated that "[t]he Administrative Record also does not contain documents that relate to the reorganization announced in the March 27 Communiqué, including any materials relied upon to decide which component agencies would be eliminated, reorganized, or created as new component agencies." Plaintiffs' Deficiency Letter at 2. Defendants' Letter did not explicitly address the agency reorganization aspect of the March 27 Communiqué (with the exception of a brief mention of Agency RIF and Reorganization Plans ("ARRPs"), Defendants' Letter at 2), stating only that "the administrative record contains those materials 'directly or indirectly considered by the agency decision-makers,' except those materials protected by the deliberative process privilege." Defendants' Letter at 2. Plaintiffs understand this to mean that Defendants take the position that all documents relied upon, directly or indirectly, by agency decisionmakers regarding the agency reorganization at issue have been included in the Administrative Record, except those documents which Defendants contend are subject to the deliberative process privilege. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Scope and Method of Collection: Plaintiffs' Deficiency Letter indicated "concern[] that whatever scope and method [Defendants] used to gather the Administrative Record was inadequate" and "request[ed] that you review the methodology used and take all necessary steps to ensure that the Administrative Record is complete as to both the RIFs and reorganization that are the subject of this litigation." Plaintiffs' Deficiency Letter at 3. Defendants did not respond substantively to Plaintiffs' concern regarding the scope and method of document collection, but, instead, took issue with the relevance of specific publicly available documents cited by Plaintiffs as examples supporting their contention that the scope and method of collection employed by Defendants in compiling the Administrative Record was deficient.[2] Defendants' Letter at 2. Plaintiff States understand Defendants to take the position that any apparent omissions from the Administrative Record are due to claims of deliberative process privilege, and therefore Defendants refuse

[2] Plaintiff States note that Plaintiffs' Deficiency Letter proactively addressed this possibility by stating that "to the extent that we have identified certain documents (including the exhibits to this letter) as missing from the Administrative Record, we are not seeking simply the addition of those omitted documents to the Administrative Record. Rather, our concern is that the omission of so many documents strongly indicates that, in this matter, the method used to gather documents for the Administrative Record was deficient." Plaintiffs' Deficiency Letter at 6.

to review the methodology used to gather the record. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Identities of Agency Decisionmakers: Plaintiffs' Deficiency Letter requested that Defendants amend the Administrative Record to identify the decisionmaker(s) of the March 27 Communiqué. Plaintiffs' Deficiency Letter at 3. Defendants' Letter did not address this request. Therefore, Plaintiff States understand that Defendants decline to identify the decisionmaker(s) of the March 27 Communiqué. If Defendants' position is materially different from Plaintiffs' understanding, please clarify Defendants' position in writing.

- Briefing Materials: Plaintiffs' Deficiency Letter stated that "[t]he Administrative Record fails to identify . . . whether any briefings occurred with [agency] decisionmakers at which materials and information was provided . . . ." Plaintiffs' Deficiency Letter at 3. Defendants did not answer Plaintiff States' question regarding whether or not any such briefings occurred. Nor did they indicate whether or not materials or information were provided at any such briefings. Instead, Defendants stated that "Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action." Defendants' Letter at 2 (citation omitted). Plaintiffs understand that Defendants are refusing to confirm or deny: (1) whether any such briefings occurred; and (2) if any such briefings occurred, whether they were accompanied by written materials. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.[3]

- DOGE Materials: Based on publicly available information suggesting close coordination between Secretary Kennedy, Elon Musk and DOGE personnel regarding the March 27 Communiqué, Plaintiffs' Deficiency Letter requested the inclusion of "documents recording communications with DOGE and materials prepared by DOGE and considered by HHS decisionmaker(s)." Plaintiffs' Deficiency Letter at 4. Defendants did not respond substantively to this request, but instead stated that "Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action." Defendants' Letter at 2 (citation omitted). Plaintiffs understand that Defendants are refusing to confirm or deny whether any such communications or materials exist. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Materials Concerning Efficiency, Costs, and Waste: Based on representations made by Defendants that the RIFs and restructuring announced in the March 27 Communiqué would increase efficiency while eliminating redundancies and reducing costs and combatting waste, fraud, and abuse, Plaintiffs' Deficiency Letter requested that Defendants produce "financial or cost-saving analyses, redundancy analyses, analyses of reliance interests, or any other relevant material" as part of the Administrative Record. Plaintiffs' Deficiency

[3] Plaintiff States reiterate their request that "[t]o the extent that any of the documents described in the bullet points [in the Deficiency Letter] do not exist, please confirm that is the case in writing." Plaintiffs' Deficiency Letter at 6.

Letter at 5. Defendants did not respond substantively to this request, but instead stated that "Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action." Defendants' Letter at 2 (citation omitted). Plaintiffs understand that Defendants are refusing to confirm or deny whether any such materials were created or received by the Department. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Materials Concerning Statutorily Mandated Services: Plaintiffs' Deficiency Letter stated that, apart from two documents (at NYvK-AR-000023 to -000101), "the Administrative Record contains no materials upon which decisionmakers might have relied to analyze which functions of any of the impacted component agencies of the Department were statutorily mandated . . . ." Plaintiffs' Deficiency Letter at 5. Defendants did not acknowledge this issue in their letter. However, based on Defendants' statement that "Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action," Defendants' Letter at 2 (citation omitted), Plaintiffs understand that Defendants are refusing to confirm or deny whether any such materials were created or received by the Department. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Materials Concerning Other Services Identified by the Department: Plaintiffs' Deficiency Letter stated that the Administrative Record contained no materials considered by decisionmakers regarding certain Departmental services (including Medicare and Medicaid services, food and drug reviews and inspections, clinical trials, and NIOSH functions) that the Department had stated publicly would not be affected by the March 27 Communiqué. Plaintiffs' Deficiency Letter at 5. Defendants did not acknowledge this issue in their letter. However, based on Defendants' statement that "Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action," Defendants' Letter at 2 (citation omitted), Plaintiffs understand that Defendants are refusing to confirm or deny whether any such materials were created or received by the Department. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Materials Concerning Secretary Kennedy's Policy Priorities: Plaintiffs' Deficiency Letter stated that "Defendants have represented that the March 27 Communiqué was intended to promote Secretary Kennedy's policy priorities" but "[n]othing in the Administrative Record [] addresses how the RIFs and reorganization announced in the Communiqué would accomplish those goals." Plaintiffs' Deficiency Letter at 6. Defendants did not acknowledge this issue in their letter. However, based on Defendants' statement that "Defendants have, to the best of their knowledge after a careful search and review, provided all non-deliberative materials that were considered in connection with the challenged action," Defendants' Letter at 2 (citation omitted), Plaintiffs understand that Defendants are refusing to confirm or deny whether any such materials were created or received by the

Department. If Defendants' position is materially different than Plaintiff States understand, please clarify Defendants' position in writing.

- Privilege Log: Plaintiffs' Deficiency Letter requested that Defendants log any documents withheld from the Administrative Record for any asserted privilege. Plaintiffs' Deficiency Letter at 6. Defendants' letter indicated both that (1) documents withheld for deliberative process privilege need not be logged absent a showing of bad faith or improper behavior, *and* (2) that Defendants need not produce a privilege log because this case arises under the APA. We ask that you confirm whether you are withholding documents solely on the basis of the deliberative process privilege, as your letter suggests.

Please respond to this letter by Monday July 27, 2026,

Sincerely,

Molly Brachfeld
Assistant Attorney General
Office of the N.Y. State Attorney General
Molly.Brachfeld@ag.ny.gov