# EXHIBIT F

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L St NW
Washington, DC 20530

Christian Dibblee
Trial Attorney

Tel: (202) 353-5980
Email: Christian.r.dibblee@usdoj.gov

July 31, 2026

By Electronic Mail

Molly Brachfeld
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005

Re: July 20, 2026 Letter regarding *New York, et al. v. Robert F. Kennedy, Jr., et al.*, No. 1:25-cv-196 (D.R.I.)

Dear Ms. Brachfeld:

On behalf of Defendants U.S. Department of Health and Human Services (HHS) and Robert F. Kennedy, Jr., in his official capacity, I write in response to your letter, dated July 20, 2026 (Letter), regarding the administrative record in *New York, et al. v. Robert F. Kennedy, Jr., et al.*, No. 1:25-cv-196 (D.R.I.). Defendants produced that record to Plaintiffs on June 8, 2026. Plaintiffs previously wrote Defendants on June 22, 2026, regarding the contents of the administrative record. Defendants responded on July 2, 2026.

Plaintiffs say in their letter that they wish to "confirm their understanding of certain of Defendants' positions" as conveyed in Defendants' July 2 letter. Letter at 1. Defendants stand on the positions expressed in their July 2 letter and do not agree with any characterizations in Plaintiffs' letter that go beyond or differ from what Defendants previously expressed. More broadly, Defendants maintain that the administrative record produced on June 8, as supplemented with one additional document on July 2, contains all non-privileged documents that the decisionmakers at the Department of Health and Human Services directly or indirectly considered before undertaking the actions challenged in this lawsuit.[1] Although Plaintiffs repeatedly state that they understand Defendants to be "refusing" to provide certain information or confirm the existence of certain materials, any materials protected by the deliberative process privilege are not part of the administrative record and need not be logged. Thus, Defendants maintain that the record is complete and that no acknowledgement of the existence of other materials is either required or appropriate in this context.

[1] Defendants again make clear their position that the March 27, 2025, press release is not a final agency action under the APA.

Defendants do wish to clarify their position as to Plaintiffs' request for a privilege log. Defendants reiterate the position expressed in their July 2 letter that materials protected by the deliberative process privilege are not required to be placed on a privilege log. *See* Defs.' July 2 Letter at 3–4. Defendants do not agree with Plaintiffs' characterization of their position to the extent inconsistent with the July 2 letter; in particular, Defendants did not take the position that a privilege log is not required "because this case arises under the APA." Letter at 5. Defendants further note that the administrative record also does not include documents protected by the attorney-client privilege and/or the work product doctrine. As with documents protected by the deliberative process privilege, documents protected by the attorney-client privilege are not part of the administrative record. *See Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1458 (1st Cir. 1992). Neither are documents protected by the work product doctrine. *See, e.g.*, *Sendra Corp. v. Magaw*, 1995 WL 434451, at *1 (D.D.C. July 13, 1995). Even if a log were generally required for attorney-client privileged or work-product documents, however, a log is not required here because to the best of Defendants' knowledge, all documents withheld by Defendants as attorney-client or work-product protected are also protected under the deliberative process privilege. Accordingly, Defendants would need to produce a privilege log as to those documents only upon a "showing of bad faith or improper behavior," which Plaintiffs have not made. *Roe v. Mayorkas*, No. 22-cv-10808, 2024 WL 5198705, at *11 (D. Mass. Oct. 2, 2024); *see also* Defs.' July 2 Letter at 3–4.

Other than the privilege question raised on page 5 of Plaintiffs' July 20 Letter, Defendants do not understand that Letter to be raising any new questions. However, to the extent Plaintiffs have any additional concerns, Defendants remain open to discussing them. If Plaintiffs still intend to move for extra-record discovery, Defendants would welcome the opportunity to confer about a briefing schedule for Plaintiffs' motion.

Sincerely,

*/s/ Christian Dibblee*

Christian Dibblee
Trial Attorney
United States Department of Justice