# Exhibit 1

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WESTERN REGIONAL OFFICE**

HHS RIF FDA OC CONSOLIDATION,
Appellant,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Agency.

DOCKET NUMBER
CF-0351-26-0073-I-1

DATE: March 12, 2026

## CASE MANAGEMENT ORDER

These consolidated appeals all involve a reduction in force by the agency. In particular, they involve the Food and Drug Administration (FDA) Office of the Commissioner (OC). A separate Order of Consolidation provides information about filing pleadings in the consolidation and individual appeals, service on represented appellants, and procedures for objecting to consolidation. This order provides initial case management instructions for the consolidation.

**Board Procedures**

The Board's procedures for processing appeals are found in the regulations at 5 C.F.R. Part 1201. The regulations are available for review in agency personnel offices, law libraries, some large public libraries, and at the Board's website (http://www.mspb.gov).

**Representatives**

The agency must designate a lead consolidation representative. I **ORDER** the agency to file the name, address, telephone number, and email address of the person authorized to act for the agency within **10 days** of the date of this order. The

lead consolidation representative will be the main contact for matters concerning the consolidation.

The appellants may name a representative. If an appellant has a representative but has not yet designated that representative, that appellant must complete a "Designation of Representative" form and file it within **10 days** of the date of this order. If an appellant obtains a representative later, that appellant must immediately complete a "Designation of Representative" form and file it with the Board and the agency. The "Designation of Representative" form is available on the Board's website at https://www.mspb.gov/appeals/forms.htm.

Appellants representing themselves do not need to submit a designation of representative. The choice of representative must not result in a conflict of interest for the organization or person chosen. Each party must make all arrangements for representation. The Board does not designate a representative for any party.

Despite the designation of a representative, the parties remain personally responsible for prosecuting the case in a timely manner. A party must immediately notify the Board and opposing party in writing of changes in their name, address, telephone number, or email address for that designated representative.

**Pending Motions and Deadlines**

Unless otherwise specifically addressed in an individual appeal, all pending motions in the individual appeals are DENIED. All pending deadlines are STAYED. The deadlines and instructions in this order replace any prior deadlines and instructions in the individual appeals.

**Motions to Dismiss**

All pending motions to dismiss are DENIED. If the agency believes that an appeal that is part of this consolidation, or a group of such appeals, should be dismissed on the basis of lack of jurisdiction (e.g., the appeal is premature, no separation in a reduction in force, waiver of appeal), mootness, untimeliness, or some other ground, it must file/refile such a motion. If the basis for the motion is individual to a particular appeal, it should be filed in the individual appeal. If the

basis for the motion concerns a group of appeals in the consolidation, it should be filed in the consolidation. The agency is ORDERED to file any motions to dismiss within **20 calendar days** of the date of this order. Any response to a motion to dismiss is due within **7 calendar days** of the motion.

**Motions to Withdraw**

If an appellant no longer wishes to pursue their appeal, they may withdraw their appeal at any time. An appellant may withdraw an appeal voluntarily at any time, absent prejudice to an agency, provided the withdrawal is clear, decisive, and unequivocal. *See Page v. Department of Transportation*, 110 M.S.P.R. 492, ¶ 5 (2009); *Kravitz v. Office of Personnel Management*, 75 M.S.P.R. 44, 46-48 (1997). Generally, a withdrawal is an act of finality removing an appeal from the Board's jurisdiction. *E.g.*, *Duncan v. U.S. Postal Service*, 96 M.S.P.R. 448, ¶ 8 (2004); *see also Page*, 110 M.S.P.R. 492, ¶ 5.

Withdrawal is a decision completely up to the appellant. If I grant an appellant's request to withdraw, that appellant's appeal will be dismissed with prejudice as withdrawn, meaning it will be removed from the Board's jurisdiction, and the appellant will not be allowed to refile it later. Finality means just that—once withdrawn, processing of the appeal would be over and there would be no further proceedings barring a petition for review. Any objection from the agency to a withdrawal request must be filed within **3 business days** of that request.

**Other Motions**

Any motions that pertain to the consolidation as a whole should be filed in the consolidation. If technically feasible, after any objections to consolidation are considered representatives with multiple appellants in the consolidation may be permitted to file pleadings in the consolidation. Any motion from either an appellant or the agency that is particular to the individual appeal must be filed in the individual appeal. Motions that raise individual issues that do not need to be addressed to proceed with the consolidation may be left unresolved pending the adjudication of the consolidation.

**<u>Meet and Confer Requirement and Responses to Motions</u>**

The Board's procedural rules require parties to meet and confer before filing a motion for an extension of time, a motion for postponement of a hearing, or any other procedural motion. 5 C.F.R. § 1201.55(a). For any such motions in individual appeals, each party must meet and confer with the opposing party and provide a statement of the opposing party's position, if any. If a party files a motion in an individual appeal and has not satisfied the meet and confer requirement, it may be summarily denied.

The meet and confer requirement does not apply to motions to dismiss or motions to withdraw. In addition, at this time the parties are not required to meet and confer about motions filed in the consolidation file. This requirement may change if appellants' representatives receive filing access to the consolidation file.

Absent any order providing a different timeline, any responses to a motion must be filed within **<u>seven calendar days</u>** of the motion.

**<u>Issues for Consolidation</u>**

In a RIF appeal the agency has the burden of proving by preponderant evidence that the RIF regulations were properly invoked due to management considerations of the character appropriately committed to agency discretion as set forth in 5 C.F.R. § 351.201(a). In addition, the agency must establish by preponderant evidence that the RIF regulations were properly applied. *See, e.g., Gandola v. Federal Trade Commission*, 773 F.2d 308, 313 (Fed. Cir. 1985); *Abakan v. Department of Transportation*, 98 M.S.P.R. 662, ¶ 6 (2005). A more detailed statement of law will be issued separately.

These appeals involve some common legal and factual issues. Those issues that are common to each of the cases in this consolidation will be adjudicated in the consolidation. Many of the appeals also raise issues that will not be common to all of the appeals and are instead either common to a smaller sub-set of these appeals or to the individual appeal. Those issues will not be adjudicated in the consolidation. Rather, if the adjudication of the issues in the consolidation is not

dispositive of the appeal, further orders will provide instructions about continued adjudication of the remaining issues.

Based on the legal standards and review of the appeals, issues in this consolidation *may* include:

- Whether the agency properly invoked the RIF regulations, i.e. that there was a bona fide reason for the RIF.
- Whether the agency had the legal authority for the RIF.
- Whether the agency properly defined competitive areas.
- Whether there was a transfer of function and, if so, whether the transfer of function regulations were followed.
- Whether the agency liquidated the relevant competitive areas.
- Whether the agency committed any errors in complying with the RIF regulations common to the appeals in the consolidation.

This list is illustrative of *potential* issues. The above issues may not be relevant or may not be appropriate for adjudication in consolidation. There may be other issues that are appropriate for adjudication in the consolidation. I will determine the issues to be adjudicated in the consolidation after reviewing the consolidation agency file and hearing input from the parties.

**Consolidation Agency File**

The agency is ORDERED to submit a consolidation agency file within **20 calendar days** of the date of this order. The consolidation and agency file must contain a narrative response addressing the issues common to the appeals. The consolidation agency file must also contain the documentary evidence relevant to those issues. The agency must submit the following:

- Any reorganization or other similar plans related to the actions taken in any of these appeals. If no such plans were prepared the agency must submit evidence of the agency-wide reorganization strategy that led to the RIF separations at issue in the appeals contained in this consolidation. The agency must also submit evidence regarding how the reorganization plan or strategy was implemented with respect to the FDA and the appeals in this consolidation.

- Organizational charts or other evidence of the organizational structure for the FDA and the particular components at issue in this consolidation, both before and after the RIF.
- Documentation of the relevant competitive areas including both code and a narrative description. If no such evidence exists, the agency's narrative response must explain the competitive areas at issue.
- Identification of the competitive areas for each of the appellants in this consolidation.
- If applicable, evidence concerning OPM approval of competitive areas.
- Retention registers for each competitive area at issue.
- Documentation indicating the employees in each competitive area and their current employment status.
- Any authority or guidance relied upon by the agency in deciding to implement and in implementing the RIF.
- Identification of the decision makers as to what positions/competitive areas to eliminate in the RIF, as well as any decision makers as to the definition of the competitive areas. For each individual listed the agency must also provide that individual's position at the time of the decision, that particular role that person played in the RIF (e.g. the decisions they were a part of and the part they played in making those decisions), and their current employment status.

Insofar as the agency's organizational charts are fine-grained, the agency may redact the names of the individuals on the charts, with the exception of any appellant in this consolidation. With respect to the retention registers and the information concerning the current employment status of individuals in each competitive area, the agency may submit redacted versions to the consolidation file, obscuring the names and other personal information (but not information about the position). If the agency submits redacted versions of this information, it must also submit unredacted versions into the individual file or each appellant with respect to that appellant's competitive area.

The list above is illustrative, not exhaustive. The agency has a better understanding of what it did in the RIF action than can be gleaned from the appeals at this stage. The agency response and file should explain, with particularity, what the agency did, what plans it followed, how it defined competitive areas, how it

complied with RIF procedures, and any subsequent actions to rescind RIF notices for employees in the competitive areas at issue in this consolidation. If the consolidation as it currently stands incorporates distinct groups of employees subject to separate actions, the agency should address all groups involved and explain the actions taken.

**Consolidation Discovery**

Discovery is STAYED. Discovery in the consolidation will be limited to those issues to be decided in the consolidation. After the agency submits the consolidation agency file and we have a status conference, I will set a timeline for consolidation discovery on the issues to be decided.

**Individual Agency Files and Discovery**

After the agency submits the consolidation agency file and we have a status conference, I may direct the agency to submit individual agency files. Those files would contain relevant individual notices, SF-50s, relevant performance appraisals, and any other relevant individual documentation/correspondence. We will discuss the need for this information and any timeline for submission at the status conference. Individual discovery is STAYED. If additional individual proceedings are warranted, I will set a schedule for individual discovery.

**Settlement**

The Board strongly encourages the settlement of the appeals. Even where discussions between the parties do not result in settlement, they often help to define the issues and assist the parties in agreeing to stipulations. I encourage the parties to contact each other to discuss the possibility of settlement. As processing progresses, I will inquire about the potential for settlement with the parties. The Board can also facilitate settlement through the Mediation Appeals Program.[1]

---

[1] If the parties wish to participate in mediation they must each submit a fully executed copy of the Agreement to Mediate form available on the Board's website at www.mspb.gov (direct: https://www.mspb.gov/appeals/forms/Mediation_form.pdf. Upon receipt of the form from both parties I will issue an order suspending the hearing and all pending deadlines while the mediation process is ongoing. If the parties agree to

**Case Processing**

After addressing any objections to consolidation and reviewing the agency file, I will issue further case management orders directing the parties to submit further information, providing an opportunity to give input on the issues for consolidation, and starting the consolidation discovery process.

FOR THE BOARD:

Michael Perry

______________________________
Michael Perry
Administrative Judge

mediate an individual appeal, I will remove that appeal from the consolidation. Information about MAP is at https://www.mspb.gov/appeals/mediationappeals.htm.